890 So.2d 990 (2004)
Ex parte Charles PETERSON.
(In re Charles Peterson
v.
State of Alabama).
1021913.
Supreme Court of Alabama.
February 27, 2004.
Rehearing Denied April 30, 2004.
*991 Richard K. Keith and Daniel G. Hamm of Keith & Hamm, P.C., Montgomery, for petitioner.
William H. Pryor, Jr., atty. gen., and Andy Scott Poole and Cecil G. Brendle, Jr., asst. attys. gen., for respondent.
WOODALL, Justice.
Charles Peterson petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to dismiss his indictment. We grant the petition.
For the factual background of this case, see Peterson v. State, 842 So.2d 734 (Ala.Crim.App.2001) ("Peterson I"), and Ex parte Peterson, 884 So.2d 924 (Ala.Crim.App.2003) ("Peterson II"). This case arises out of the murder, in which Peterson and other individuals participated, of "Eddie Allen, the manager of a Burger King fast-food restaurant." Peterson II, 884 So.2d at 925. In 1995, a grand jury returned a one-count, capital-murder indictment against Peterson for the intentional murder of Allen during the course of a robbery. Id. at 925. In May 1997, pursuant to a blind plea agreement, Peterson's indictment was amended to charge, and he pleaded guilty to, (1) felony murder and (2) first-degree robbery. He was sentenced to 30 years' imprisonment and 20 years' imprisonment, respectively; the sentences were to be served consecutively.
In July 2000, Peterson filed a Rule 32, Ala. R.Crim. P., petition challenging his robbery conviction. Specifically, he contended that he was indicted for murder made capital because he committed it during *992 the course of a robbery. See § 13A-5-40(a)(2), Ala.Code 1975. He further asserted that he was convicted of first-degree robbery and felony murder, for which the underlying offense was robbery. Peterson I, 842 So.2d at 736. Therefore, he argued, his conviction for both felony murder and the underlying offense of robbery violated the constitutional guarantees against double jeopardy. Id. The Court of Criminal Appeals remanded the case for further factual findings, stating that "if [Peterson's] convictions for both felony-murder and first-degree robbery were based on the same robbery, his convictions for both offenses violate double jeopardy principles." Id.
On remand, the State conceded "that the felony-murder conviction and the robbery conviction were both based upon the same robbery and ... that, based on [the remand instructions], the circuit court must set aside the robbery conviction and sentence." Id. at 739 (opinion on return to third remand). The State also convened a grand jury, which, on March 8, 2002, returned a three-count indictment against Peterson, charging (1) capital murder during the course of a robbery, (2) capital murder during the course of a burglary, and (3) conspiracy to commit robbery. The State then moved to set aside both the felony-murder conviction and the robbery conviction and to nol-pros the original one-count capital-murder indictment.
Peterson objected to the dismissal of the felony-murder conviction, and moved to dismiss the March 2002 indictment. The trial court granted the State's motions and denied Peterson's motion. Peterson petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial court to dismiss the March 2002 capital-murder indictment and to reinstate his felony-murder conviction. The Court of Criminal Appeals denied the petition. Peterson II. Peterson now seeks the same relief from this Court.
Peterson contends that there was no basis on which to set aside his felony-murder conviction and that any prosecution under the March 2002 indictment violates the principle of double jeopardy.[1] The State argues:
"Because the trial court accepted Peterson's guilty plea to an offense for which he had not been indicted, the court's judgment is void because the court lacked jurisdiction.... Peterson's guilty plea was set aside because it was based upon an illegally amended indictment; therefore, the State could proceed on the original indictment or reindict Peterson."
State's answer, at 6. We agree with Peterson.
"Jeopardy attaches on a guilty plea when the plea is accepted and entered by a court with jurisdiction." Ex parte Wright, 477 So.2d 492, 493 (Ala.1985). A trial court lacks jurisdiction to accept a plea to an offense not encompassed within the original indictment. Ex parte Cole, 842 So.2d 605, 607 (Ala.2002) ("Rule 13.5(a), Ala. R.Crim. P., prohibits any amendment to an indictment that changes the offense or charges a new offense not contemplated in the original indictment."). Lesser-included offenses are, by Ala. R.Crim. P. 13.2(c), necessarily charged in an indictment. Therefore, "`[t]he concept of a lesser included offense does not involve ... an amendment of the indictment.'" Wesson v. State, 644 So.2d 1302, 1306 (Ala.Crim.App.1994) (quoting Black v. *993 State, 586 So.2d 968, 970 (Ala.Crim.App.1991)).
It is beyond cavil that felony murder is an offense contemplated in the 1995 capital-murder indictment. That indictment charged Peterson with intentional murder during the course of committing a robbery. Felony murder, as defined by Ala.Code 1975, § 13A-6-2(a)(3), is a lesser-included offense of the capital offense of intentional murder committed during the course of a robbery. Ala.Code 1975, § 13A-5-41; Ex parte Dorsey, 881 So.2d 533, 536 (Ala.2003); Ex parte Rice, 766 So.2d 143, 144-45 (Ala.1999); Harris v. State, 854 So.2d 145 (Ala.Crim.App.2002). Thus, there is no merit in the State's argument that Peterson's 1995 capital-murder indictment was "illegally amended" to accommodate a plea to felony murder. Because the guilty plea to felony murder was a valid plea, jeopardy attached to the felony-murder conviction, prohibiting any further prosecution of Peterson for the murder of Eddie Allen.
Hammond v. State, 665 So.2d 970 (Ala.Crim.App.1995), on which the State relies, is inapposite. In that case, Jerry Hammond was indicted for the "capital offense of murder committed during the course of a robbery." Id. at 973. He pleaded guilty, however, to "`solicitation to commit unlawful distribution of a controlled substance,'" and, in accordance with his plea agreement, he received an 18-year sentence. Id.
Within 6 months of his sentencing, Hammond "petitioned for a writ of habeas corpus seeking to vacate his conviction and his 18-year sentence, contending that the trial court lacked jurisdiction to accept his guilty plea." Id. at 974. This was so, he argued, because "the crime to which he had pleaded [guilty] was not a lesser included offense of the capital crime of murder-robbery for which he had been indicted and, therefore, he argued, the entire proceedings were void." Id. The trial court agreed with Hammond, vacated the conviction, and reinstated the original capital-murder indictment. Id. Hammond was subsequently convicted of capital murder and was sentenced to death. On appeal, he argued that the reinstated capital-murder count was void.
Rejecting that argument, the Court of Criminal Appeals stated, in part:
"The original capital murder-robbery indictment in this case was a valid indictment. In carrying out the plea agreement, the state attempted to amend the indictment by adding a separate count charging `solicitation to distribute a controlled substance,' Ala.Code 1975, § 13A-12-202. The amendment purporting to add this charge was void. An indictment may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988); Ala. R. Cr. P. 13.5. In this case, the added charge is a substantial change from the indictment returned by the grand jury and charges a new offense not included in the original charge. Thus, all proceedings stemming from the amendment of the indictment had no legal effect and were void."
Hammond, 665 So.2d at 974 (emphasis added).
The distinctions between Hammond and this case are obvious. In Hammond, the attempted amendment of the indictment was void, because "solicitation to commit unlawful distribution of a controlled substance" was clearly not included in the original charge of "murder committed during the course of a robbery." Here, however, the amended indictment was not *994 void, because felony murder in which robbery is the underlying felony is, indeed, a lesser-included offense of intentional murder during the course of a robbery. The trial court had jurisdiction, therefore, to accept the guilty plea to felony murder on the amended indictment, but it had no authority to accept the March 2002 reindictment.
For these reasons, the petition for a writ of mandamus is granted, and the trial court is directed to dismiss the March 2002 indictment against Peterson and to reinstate his conviction for felony murder.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, LYONS, JOHNSTONE, and HARWOOD, JJ., concur.
SEE, BROWN, and STUART, JJ., dissent.
SEE, Justice (dissenting).
I believe that the State of Alabama is entitled either to try Charles Peterson on the original unamended indictment for murder made capital because it was committed during the course of a robbery or to reindict him. Therefore, I respectfully dissent from the main opinion.
The State of Alabama indicted Charles Peterson for murder made capital because it was committed during the course of a robbery. Pursuant to a plea agreement, the indictment was amended to charge, and Peterson pleaded guilty to, felony murder and first-degree robbery. The trial court sentenced him to 30 years' imprisonment on the felony-murder conviction and to 20 years' imprisonment on the robbery conviction. Peterson successfully challenged his robbery conviction, arguing that his convictions of both robbery and felony murder on the same set of operative facts violated the double-jeopardy principle embodied in the constitutions of the United States and of the State of Alabama.[2]
In light of Peterson's successful attack on a part of the plea to which he had agreed, the State moved to set aside the rest of that plea, that is, the felony-murder conviction. The trial court granted the motion, and the State reindicted Peterson for three offenses: murder made capital because it was committed during the course of a robbery, murder made capital because it was committed during the course of a burglary, and conspiracy to commit robbery. The State moved to nol-pros the original amended indictment; Peterson moved instead for the dismissal of the new indictment on double-jeopardy grounds, asserting that the new indictment was duplicative of his remaining original conviction for felony-murder. The trial court denied Peterson's motion to dismiss the new indictment and nol-prossed the original amended indictment. Peterson petitioned the Court of Criminal Appeals for a writ of mandamus to direct the trial court to dismiss the new indictment and to reinstate his felony-murder conviction. The Court of Criminal Appeals denied Peterson's petition; he now seeks the same relief from this Court.
The main opinion holds that the amendment of the indictment that permitted Peterson to plead guilty to felony-murder and first-degree robbery was a valid amendment and that, therefore, Peterson's plea was valid and binding on the State, thereby implicating double-jeopardy principles and invalidating the new indictment. *995 I agree with the main opinion that the original indictment was legally amended; however, Peterson has, by his actions, repudiated his plea agreement. I believe, therefore, that the State is entitled to try Peterson on the original unamended indictment or to reindict him.
In Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919), Stroud was indicted and convicted of murder in the first degree and was sentenced to be hanged. The Court of Appeals reversed the judgment, and Stroud was again tried for and convicted of first-degree murder. The jury in the second trial found Stroud "`guilty as charged in the indictment without capital punishment.'" 251 U.S. at 17, 40 S.Ct. 50. This second conviction also was reversed. The district court vacated the sentence, and Stroud was tried for a third time. The jury found Stroud guilty of murder in the first degree and did not make a recommendation regarding capital punishment. Stroud was sentenced to death.
Stroud argued that the third trial violated the prohibition against double jeopardy. The Supreme Court of the United States stated:
"The protection afforded by the Constitution is against a second trial for the same offense.... Moreover, the conviction and sentence upon the former trials were reversed upon writs of error sued out by the plaintiff in error. The only thing the appellate court could do was to award a new trial on finding error in the proceeding, thus the plaintiff in error himself invoked the action of the court which resulted in a further trial. In such cases he is not placed in second jeopardy within the meaning of the Constitution."
251 U.S. at 18, 40 S.Ct. 50 (citations omitted).
In Clark v. State of Alabama, 294 Ala. 485, 318 So.2d 805 (1974), Billy Clark was indicted for first-degree murder. Clark originally pleaded not guilty and not guilty by reason of insanity. Clark later withdrew his pleas and pleaded guilty to second-degree murder. The court adjudicated Clark guilty and sentenced him to life imprisonment. Clark appealed; the Court of Criminal Appeals reversed the judgment. Clark v. State, 48 Ala.App. 108, 262 So.2d 310 (1972).
Clark was re-arraigned; he pleaded not guilty and not guilty by reason of insanity. Clark moved to strike the allegations in the indictment that referred to first-degree murder, arguing that the reversal "on his plea of guilty of murder in the second degree precluded further consideration of murder in the first degree." 294 Ala. at 487, 318 So.2d at 807. The court treated Clark's motion as a plea of autrefois acquit (formerly acquitted) and overruled the motion. The jury found Clark guilty of first-degree murder and sentenced him to life imprisonment. Clark appealed; the Court of Criminal Appeals reversed the second judgment on the ground that the trial court erred in overruling Clark's plea of autrefois acquit. Clark v. State, 56 Ala.App. 63, 318 So.2d 801 (1974).
The State petitioned this Court for the writ of certiorari and this Court concluded that the Court of Criminal Appeals erred in reversing the second judgment. This Court stated that, "It would seem to be a necessary corollary that a judgment entered on a void plea of guilty is itself void." 294 Ala. at 488, 318 So.2d at 808.
In Clark this Court relied on United States ex rel. Williams v. McMann, 436 F.2d 103 (2d Cir.1970). Williams had been indicted for selling heroin. Pursuant to a plea agreement, Williams pleaded guilty to the lesser charge of attempted sale of narcotics and was sentenced to three to seven *996 years' imprisonment. The State discovered, however, that Williams had a prior record and returned him to the trial court to be resentenced on the charge of attempted sale of narcotics. At Williams's request, the trial court allowed him to withdraw his guilty plea. Williams was then tried and convicted of the original charge of selling heroin, and he was sentenced to 5 to 10 years' imprisonment.
Williams petitioned the federal court for habeas corpus relief. The federal court denied relief, and Williams appealed to the United States Court of Appeals for the Second Circuit. The Court of Appeals affirmed the trial court's judgment and stated:
"When Williams was successful in revoking his part of the bargain by having his plea of guilty set aside, it is hardly surprising, and scarcely suggestive of vindictiveness, that the district attorney in turn withdrew his consent to the reduced charge....
"....
"... For us to hold that one in Williams's position may not be tried and sentenced upon the charge originally brought would encourage gamesmanship of a most offensive nature.... Indeed, any reason the defendant could conceive for setting aside his plea and sentence would lose him little. If the defendant's argument were to prevail, then a trial on the lesser charge only could result. The defendant would thus run no risks by this maneuver for his trial could end in acquittal, but if he should be convicted, he urges he could not receive a sentence greater than that imposed on the guilty plea to the lesser offense. This is nothing more than a `heads-I-win-tails-you-lose' gamble. To frustrate this strategy, prosecutors would be restrained from entering plea bargains, thereby adding further to the staggering burdens of our criminal courts, and judges would become more rigid in exercising their discretion in favor of permitting withdrawal of a guilty plea. This would hardy enhance the administration of criminal justice."
McMann, 436 F.2d at 106 (footnotes omitted).
In the case before us, Peterson successfully challenged his conviction, and "[t]he only thing the appellate court could do was to award a new trial...." "A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy." Cole v. State, 842 So.2d 605, 609 (Ala.2002), citing Dutton v. State, 807 So.2d 596 (Ala.Crim.App.2001). The Supreme Court of the United States has held that "[i]n such cases [the defendant] is not placed in second jeopardy within the meaning of the Constitution." Stroud, 251 U.S. at 18, 40 S.Ct. 50. Therefore, I would deny Peterson's petition for the writ of mandamus seeking to have this Court dismiss the State's new indictment and reinstate Peterson's felony-murder conviction. I believe that the State is entitled to try Peterson on the original unamended indictment for murder made capital because it was committed during the course of a robbery or to reindict Peterson. Therefore, I respectfully dissent.
BROWN, Justice (dissenting).
I believe that the well-reasoned opinion of the Court of Criminal Appeals denying Charles Peterson's request for mandamus relief, Ex parte Peterson, 884 So.2d 924 (Ala.Crim.App.2003), is correct, and that Peterson is not entitled to such relief. I therefore respectfully dissent from the majority opinion granting Peterson's petition for the writ of mandamus.
*997 STUART, Justice (dissenting).
I respectfully dissent from the majority's conclusion that the March 2002 indictment charging Charles Peterson with capital murder must be dismissed and his conviction for felony murder reinstated.
This case involved a one-count indictment charging murder made capital because it occurred during the commission of a robbery. Evidently, before trial the State and Peterson entered into a plea agreement pursuant to which the State agreed to amend the indictment charging capital murder to charge one count of felony murder and one count of first-degree robbery. In exchange, Peterson agreed to plead guilty to the charges of felony murder and first-degree robbery. On appeal, the Court of Criminal Appeals held that Peterson could not be convicted of both felony murder and first-degree robbery if the robbery supporting the felony-murder conviction was the same robbery underlying the first-degree-robbery conviction. Peterson v. State, 842 So.2d 734, 736 (Ala.Crim.App.2001). The State, recognizing that both convictions could not stand because the robbery underlying the conviction for first-degree robbery was the same as the robbery on which the felony-murder conviction was premised and, consequently, that the terms of the guilty-plea agreement could not be fulfilled, moved to set aside the entire guilty-plea proceeding because it was based on an agreed-upon amendment to a one-count indictment and legally could not be fulfilled. Indeed, the parties could not consent to an unlawful agreement. The trial court agreed and set aside both the felony-murder conviction and the first-degree-robbery conviction.
In reviewing a petition for a writ of mandamus filed by Peterson in that court, the Court of Criminal Appeals, relying on its holding in Hammond v. State, 665 So.2d 970 (Ala.Crim.App.1995), which also involved an improper amendment to a one-count indictment, concluded that the trial court's action in setting aside the entire guilty plea was proper. The Court of Criminal Appeals quoted Hammond v. State, stating:
"`The original capital murder-robbery indictment in this case was a valid indictment. In carrying out the plea agreement, the state attempted to amend the indictment by adding a separate count charging "solicitation to distribute a controlled substance," Ala.Code 1975, § 13A-12-202. The amendment purporting to add this charge was void. An indictment may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. Ross v. State, 529 So.2d 1074 (Ala.Cr.App.1988); Ala. R. Cr. P. 13.5. In this case, the added charge is a substantial change from the indictment returned by the grand jury and charges a new offense not included in the original charge. Thus, all proceedings stemming from the amendment of the indictment had no legal effect and were void.

"`When the appellant challenged the proceedings in his post-conviction petitions, the trial court had no choice but to set aside this conviction and sentence. The appellant argues that once the proceedings stemming from the amendment were determined to be void, the original capital charge should not have been restored to the docket because, he argues, the indictment, as amended, was void and a re-indictment by the grand jury was necessary before the state could proceed under the capital charge.... [T]here was no amendment to the original indictment, *998 only an unsuccessful attempt to amend the indictment by adding a count that was a nullity. Under these facts, when the guilty plea proceedings and the judgment based thereon were recognized as void and were set aside, it was proper for the trial court to order the original capital charge to be restored to the docket for trial. Williams v. State, 494 So.2d 819 (Ala.Cr.App.1986). Even if a charge has been nolle prossed, which is not the case here, further proceedings on that charge at a later time are not barred, and a person is not placed in double jeopardy when the state seeks to prosecute him on a previously dismissed charge, after his guilty plea to another charge has been vacated. Williams v. State, and cases cited therein....'
"665 So.2d at 974 (footnote omitted; emphasis added)."
Ex parte Peterson, 884 So.2d 924, 927-28 (Ala.Crim.App.2003).
I agree with the Court of Criminal Appeals that in this case, as in Hammond, all the proceedings stemmed from an improper amendment to the one-count indictment and, consequently, all actions taken after the attempted amendment were void. The amendment was a nullity because it was not legally possible for both parties to execute their part of the agreement; it was proper for the parties to be returned to their original status. See Ex parte Cole, 842 So.2d 605 (Ala.2002) (stating that the State could proceed under the original indictment or it could reindict Cole).
Lastly, I agree with the majority that "[l]esser-included offenses are, by Ala. R.Crim. P. 13.2(c), necessarily charged in an indictment." 890 So.2d at 992. I, however, am concerned about the context in which the following general proposition of law is used: "`"The concept of a lesser included offense does not involve ... an amendment of the indictment."' Wesson v. State, 644 So.2d 1302, 1306 (Ala.Crim.App.1994)(quoting Black v. State, 586 So.2d 968, 970 (Ala.Crim.App.1991)).'' 890 So.2d at 992. This case involves a guilty-plea proceeding, which necessarily involves an amendment to the indictment. At a guilty-plea proceeding the trial court is bound by the charge in the indictment until the State agrees to amend the indictment. It is the State's duty to prosecute the case; a defendant can plead guilty to a lesser-included offense and the trial court can accept the plea, if and only if, the State amends the indictment.
For the foregoing reasons, I dissent.
NOTES
[1] This case involves no issue regarding the purported amendment of the original indictment to charge first-degree robbery, or the conviction for that offense, which the trial court set aside.
[2] The Constitution of the United States of America, Amendment V ("nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb"); Alabama Constitution of 1901, Art. I, § 9 ("[t]hat no person shall, for the same offense, be twice put in jeopardy of life or limb").